1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   DEVELOPERS SURETY AND            )
     INDEMNITY COMPANY, an Iowa       )
12   Corporation,                     )        No. C10-0616 BZ
                                      )
13              Plaintiff(s),         )
                                      )
14        v.                          )
                                      )
15   A-1 SEPTIC CONSTRUCTION,         )     **REPORT AND RECOMMENDATION**
     INC., a California               )
16   Corporation; ROBERT PIDDOCK,)
     an individual; CAROLE            )
17   PIDDOCK, an individual,          )
                                      )
18              Defendant(s).         )
                                      )
19   _____)

20        Before me is plaintiff's motion for entry of default

21   judgment against defendants A-1 Septic Construction, Inc. ("A-

22   1 Septic"), Robert Piddock and Carole Piddock (collectively

23   "Defendants").  Defendants have never appeared in this action

24   and did not respond to plaintiff's motion.  As defendants have

25   not consented to my jurisdiction, I will have the matter

26   reassigned.  The following is my report and recommendation for

27   entry of default judgment.

28        On February 11, 2010, plaintiff filed a complaint for

                                1

1    breach of an indemnity agreement arising out of the

2    defendants' default "on certain performance and payment

3    obligations of insurance bonds and that said obligations fall

4    within Developers Surety's obligations under the Bonds."

5    Compl. ¶ 14.   In its complaint, plaintiff seeks damages for

6    breach of the agreement.   It also seeks two forms of

7    injunctive relief but does not pursue those remedies in this

8    motion.

9         Plaintiff effected service of process on all defendants

10   on February 28, 2010.   Motion, Ex. 2-4.   Defendants failed to

11   answer the complaint or otherwise defend the action.   On April

12   1, 2010, upon plaintiff's request, the Clerk of this court

13   entered defendants A-1 Septic's and Robert Piddock's default

14   under Rule 55(a).   Doc. No. 15.   On April 8, 2010, upon

15   plaintiff's request, the Clerk of this court entered defendant

16   Carole Piddock's default under Rule 55(a).   Doc. No. 18.   By

17   their default, defendants are deemed to have admitted the

18   well-pleaded averments of the complaint except those as to the

19   amount of damages.   See Fed. R. Civ. P. 8(d).

20        A court may not enter a default judgment against an

21   unrepresented minor, an incompetent person, or a person in

22   military service.   See Fed. R. Civ. P. 55(b)(2); 50 App.

23   U.S.C. § 521.   As a corporation, A-1 Septic is not entitled to

24   such protection.   Compl. ¶ 3.   Plaintiff has submitted

25   sufficient evidence that Robert and Carole Piddock are neither

26   minors, incompetent, nor in the military.   Nava Suppl. Decl. ¶

27   3-4.

28        Pursuant to Rule 55(b)(2), the court may enter a default

2

1 | judgment against a party against whom default has been
2 | entered.  The decision to grant or deny a default judgment
3 | under Rule 55(b) is within the discretion of the Court.  Eitel
4 | v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A formal
5 | hearing is not required for a court to render a default
6 | judgment.  Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981).

7 |     According to the well-pleaded facts in the complaint,
8 | plaintiff issued surety bonds on behalf of A-1 for various
9 | public works projects.  As partial consideration for the
10 | issuance of these bonds, A-1 and the Piddocks personally
11 | agreed to indemnify plaintiff for payments of costs, expenses,
12 | and claims made against the bonds.  Compl. ¶ 9, ex. A.  The
13 | Indemnity Agreement at issue provided that "in execution of
14 | [an indemnity] bond," defendants agree to "reimburse
15 | [plaintiff] for all payments made for and to indemnify and
16 | keep indemnified [plaintiff] from" any demand or loss to which
17 | plaintiff could become liable.  Id. ¶ 10.  It also provides
18 | that "each of the undersigned agrees to pay the full amount"
19 | of the indemnity owed.  Id.  The Agreement is signed by Robert
20 | and Carole Piddock individually and on behalf of A-1 Septic,
21 | making each defendant personally liable for any breach.
22 | Motion, Ex. 10.  A-1 then defaulted on certain obligations,
23 | causing claims to be made against the bonds.  Plaintiff
24 | satisfied these claims but has not been reimbursed by
25 | defendants.  As these facts are deemed admitted by defendants'
26 | default, I find defendants liable for breach of the indemnity
27 | agreement.

28 |     To prove damages, plaintiff submitted a declaration by

3

1 | Victor Nava, a Senior Claims Examiner II with plaintiff.  Doc.

2 | No. 21.    The Nava Declaration establishes that plaintiff

3 | issued two bonds, one for $188,888 (the "San Mateo Bond")and

4 | one for $179,977 (the "Antioch Bond") on behalf of A-1 Septic.

5 | The net losses from the San Mateo Bond total $4,978.91.  The

6 | net losses from the Antioch bond total $141,596.82.  The Nava

7 | Declaration contains a thorough spreadsheet that reflects the

8 | payments and receipts made by plaintiff on the bonds along

9 | with copies of endorsed checks.  Nava Decl., ex. 9.

10 | Plaintiff's documents adequately account for the entire amount

11 | sought.

12 |     For the foregoing reasons, I recommend that judgment be

13 | entered in plaintiff's favor against A-1 Septic, Robert

14 | Piddock and Carole Piddick for $146.575.73.  Plaintiff shall

15 | notice his motion for attorney's fees before the district

16 | judge to which this case is reassigned.

17 | Dated: June 17, 2010

18 |

19 |

Bernard Zimmerman
20 | United States Magistrate Judge

21 |

G:\BZALL\-BZCASES\DEVELOPERS SURETY V. A-1 SEPTIC\R & R.wpd
22 |

23 |

24 |

25 |

26 |

27 |

28 |

4