UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, an Iowa Corporation,<br><br>        Plaintiff(s),<br><br>  v.<br><br>A-1 SEPTIC CONSTRUCTION, INC., a California Corporation; ROBERT PIDDOCK, an individual; CAROLE PIDDOCK, an individual,<br><br>        Defendant(s).<br>_____/ | No. C 10-0616 JSW (MEJ)<br><br>**SECOND ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

     Pending before the Court is Plaintiff's motion for attorneys' fees and costs, scheduled for a hearing on October 7, 2010. (Dkt. #45.) In its motion, Plaintiff seeks attorneys' fees and costs under the Indemnity Agreement in the amount of $14,399.07. However, it does not provide a breakdown of how it arrived at this total. It is clear from James Curran's declaration that Plaintiff requests a fee award for the work of two attorneys and one paralegal. James Curran, the partner on the case, claims 31.6 hours at $260.00 per hour, for a total of $8,216.00. Jennifer Elowsky, the associate on the case, claims 9.4 hours at $220.00 per hour, for a total of $2,068.00. Steve Wong, the paralegal on the case, claims 20.8 hours at $120.00 per hour, for a total of $2,496.00. Thus, the total fee award in Curran's declaration is $12,780.00. There are no costs claimed in Curran's declaration. In the Bill of Costs, filed on August 4, 2010, Plaintiff claims a total of $849.00 in costs. (Dkt. #44.) Combining the fees in Curran's declaration with the $849.00 in costs, the undersigned arrives at a total potential award of $13,629.00, which is $770.07 lower than the award requested in Plaintiff's motion.

As Plaintiff has provided no explanation for this discrepancy, the Court ORDERS Plaintiff to file a supplemental declaration which provides information regarding the $770.07 discrepancy. Additionally, Plaintiff has not provided any information regarding a breakdown of the attorneys' and paralegal's work. The party seeking an award of fees and costs has the burden of submitting evidence which supports their request for the hours worked and the rates claimed. *Id.* "[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his [or her] time expenditures." *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 437 n.12). If the documentation of hours and rates is inadequate, the district court may reduce the fee award, and may also exclude from the calculation hours not reasonably expended. *Hensley*, 461 U.S. at 433-34. Accordingly, to assist the Court in determining whether the hours claimed are reasonable, Plaintiff shall also provide a breakdown of the hours worked in this case. The declaration shall be filed by September 30, 2010.

**IT IS SO ORDERED.**

Dated: September 24, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge