UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, an Iowa Corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>A-1 SEPTIC CONSTRUCTION, INC., a California Corporation; ROBERT PIDDOCK, an individual; CAROLE PIDDOCK, an individual,<br><br>   Defendants.<br>_____/ | No. C 10-0616 JSW (MEJ)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (DKT. #45)** |

## I. INTRODUCTION

Before the Court is Plaintiff Developers Surety and Indemnity Company's ("Plaintiff") Motion for Attorney's Fees and Costs, filed August 4, 2010. (Dkt. #45.) Default judgment has previously been entered against Defendants A-1 Septic Construction, Inc. ("A-1"), Robert Piddock, and Carole Piddock (collectively "Defendants"), who have never appeared in this action and did not respond to Plaintiff's motion. On August 5, 2010, the Honorable Jeffrey S. White, the presiding judge in this matter, referred Plaintiff's motion to the undersigned to prepare a report and recommendation. (Dkt. #48.) Upon review of Plaintiff's submissions, relevant legal authority, and good cause appearing, the undersigned RECOMMENDS that the Court GRANT Plaintiff's motion and award attorney's fees and costs in the amount of $14,414.39.

## II. BACKGROUND

According to the complaint, Plaintiff issued surety bonds on behalf of A-1 for various public works projects. (Compl. ¶¶ 9-11, Dkt. #1.) As partial consideration for the issuance of these bonds, A-1 and the Piddocks personally agreed to indemnify Plaintiff for payments of costs, expenses, and claims made against the bonds. *Id.* at ¶ 9, Ex. 1. The Indemnity Agreement at issue provided that "in execution of [an indemnity] bond," Defendants agree to "reimburse [Plaintiff] for all payments made for and to indemnify and keep indemnified [Plaintiff] from . . . all demands, loss, contingent loss, liability and contingent liability claim, expense, including attorney's fees, for which Plaintiff could become liable. *Id.* at Ex. 1, ¶ 10. After issuance of the bonds, A-1 defaulted on certain obligations, causing claims to be made against the bonds. (Dkt. #35 at 3:22-23.) Plaintiff satisfied these claims but has not been reimbursed by Defendants. *Id.* at 3:23-25.

On February 11, 2010, Plaintiff filed a complaint for breach of the indemnity agreement. (Compl. ¶ 14, Dkt. #1.) Plaintiff effected service of process on all Defendants on February 28, 2010, but Defendants failed to answer the complaint or otherwise defend the action. (Dkt. #35 at 2:9-11.) On April 1, 2010, upon Plaintiff's request, the Clerk of Court entered Defendants A-1's and Robert Piddock's default under Federal Rule of Civil Procedure ("Rule") 55(a). (Dkt.#15.) On April 8, 2010, the Clerk entered Defendant Carole Piddock's default. (Dkt. #18.)

On May 5, 2010, Plaintiff moved for default judgment against all Defendants, (Dkt. #19), which the Court granted on July 21, 2010 (Dkt. #39). In granting Plaintiff's motion, the Court found Defendants liable for breach of the indemnity agreement, and awarded damages in the amount of $146.575.73. (Dkt. #35 at 3:26-27; Dkt. #39 at 1:22-23.) Judgment was entered against all Defendants that same day. (Dkt. #40.)

On August 4, 2010, Plaintiff filed the present motion for attorneys' fees and costs, as well as the Declaration of James D. Curran in support thereof. (Dkt. ## 45, 46.) In its motion, Plaintiff seeks $14,399.07 in fees and costs. (Dkt. #45 at 16.) On August 5, 2010, Judge White referred Plaintiff's motion to the undersigned for a report and recommendation. (Dkt. #48.) The undersigned subsequently scheduled a hearing to take place on October 7, 2010, and ordered

Defendants to file any opposition to the motion by September 16, 2010.  (Dkt. #49.)  Defendants failed to file an opposition and failed to appear at the October 7 hearing.

### III.   DISCUSSION

Pursuant to the express terms of the agreement, Defendants are required to reimburse Plaintiff for all losses, including attorney's fees, for which it becomes liable by reason of its suretyship.  (Compl., Ex. 1 ¶ 10.)  As the Court has already determined that Defendants are liable for breach of the agreement, (Dkt. #39 at 1:22-23), the undersigned need only determine whether Plaintiff is entitled to an award of attorney's fees and costs, and the amount of a reasonable award.

**A.   Legal Standard**

In a diversity case such as this one, state law governs an award of attorney's fees.  *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1388 (9th Cir. 1986); *Shakey's Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir. 1983) (contractual attorney's fee provision); *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985).  Thus, California state law applies.  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs."  Cal. Civ. Code § 1717(a).  An indemnitee's right to recover attorney's fees includes those incurred by the indemnitee in prosecuting its indemnification claim.  *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1452-53 (9th Cir. 1983); *Fidelity and Deposit Company of Maryland v. Whitson*, 187 Cal. App. 2d 751, 759 (1960).

The starting point for determining a reasonable fee award is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party seeking an award of fees and costs has the burden of submitting evidence which supports their request for the hours worked and the rates claimed.  *Id.*  "[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his [or her] time expenditures."  *Davis v. City and County of San Francisco*, 976

3

1  F.2d 1536, 1542 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 437 n.12).  If the documentation of
2  hours and rates is inadequate, the district court may reduce the fee award, and may also exclude
3  from the calculation hours not reasonably expended.  *Hensley*, 461 U.S. at 433-34.  Counsel must
4  make a good faith effort to use billing judgment, meaning to exclude from the fee request "hours that
5  are excessive, redundant, or otherwise unnecessary . . . ."  *Id.* at 434.

6  Once calculated, the lodestar rate may be adjusted to account for other factors, including the
7  novelty and complexity of issues presented, special skill and experience of counsel, quality of
8  representation, the results obtained, and the awards allowed in similar cases.  *Morales v. City of San*
9  *Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996).

**A.  Application to the Case at Bar**

Here, as stated above, Defendants are liable for breach of the Indemnity Agreement, and are therefore required to reimburse Plaintiff for all losses, including attorney's fees. (Compl., Ex. 1 ¶ 10; Dkt. #39 at 1:22-23.)  Accordingly, the undersigned need only determine a reasonable fee award.

As a preliminary matter, Plaintiff originally sought attorney's fees and costs under the Indemnity Agreement in the amount of $14,399.07. (Curran Decl. ¶ 6, Dkt. #46.)  However, in its motion, Plaintiff did not provide a breakdown of how it arrived at this total.  It is clear from James Curran's declaration that Plaintiff requests a fee award for the work of two attorneys and one paralegal.  *Id.* at ¶¶ 16-18.  James Curran, the partner on the case, claims 31.6 hours at $260.00 per hour, for a total of $8,216.00.  *Id.* at ¶ 16.  Jennifer Elowsky, the associate on the case, claims 9.4 hours at $220.00 per hour, for a total of $2,068.00.  *Id.* at ¶ 17.  Steve Wong, the paralegal on the case, claims 20.8 hours at $120.00 per hour, for a total of $2,496.00.  *Id.* at ¶ 18.  Thus, the total fee award in Curran's declaration is $12,780.00.  There are no costs claimed in Curran's declaration.  In the Bill of Costs, filed on August 4, 2010, Plaintiff claims a total of $849.00 in costs.  (Dkt. #44.)  Combining the fees in Curran's declaration with the $849.00 in costs, the undersigned arrives at a total potential award of $13,629.00, which is $770.07 lower than the award requested in Plaintiff's motion.

On September 24, 2010, the undersigned requested that Plaintiff file a supplemental

4

declaration providing information regarding the $770.07 discrepancy. (Dkt. #55.) As Plaintiff's documents also did not provide a breakdown of the hours the attorneys and paralegal spent on this case, the undersigned also ordered Plaintiff to provide an itemization of the hours worked to assist in determining whether the hours claimed are reasonable. *Id.*

On September 30, 2010, Plaintiff filed the supplemental declaration of James Curran. (Dkt. #56.) In his declaration, Mr. Curran explains that Steve Wong, the paralegal addressed above, prepared the initial draft of Plaintiff's motion, but left for a vacation before Mr. Curran finalized and filed the motion. (Second Suppl. Curran Decl. ¶¶ 10-11, Dkt. #56.) Thus, Mr. Curran explains that he did not include invoices for the period after Mr. Wong left, and any discrepancy is his sole responsibility. *Id.* at ¶¶ 11-12. Mr. Curran also provided six invoices for attorney's fees and costs rendered in February through July, inclusive, for a new total of $14,414.39. *Id.* at Exs. 1-6. The undersigned is satisfied with Mr. Curran's explanation of the discrepancy and, having clarified the amount requested, shall now proceed to the analysis under *Hensley*.

1. <u>Reasonable Hourly Rates</u>

In the Ninth Circuit, reasonable rates are to be calculated according to the prevailing market rates in the relevant community, with close attention paid to the fees charged by lawyers of reasonably comparable skill, experience, and reputation." *Davis*, 976 F.2d at 1546 (internal citations and quotations omitted). When considering the rates of other lawyers of comparable skill, experience, and reputation, courts should look to the fees awarded in "other types of equally complex federal litigation . . . ." *Bernardi v. Yeutter,* 951 F.2d 971, 974 (9th Cir. 1991) (citing *Hensley*, 461 U.S. at 430 n.4). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987); *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009) (affirming award of attorneys' fees at rate of $500.00/hour where party had submitted a declaration describing her experience and attached copies of fee awards in the same geographical area where counsel had comparable experience). The "relevant community" is the

district in which the lawsuit is proceeding; here, the Northern District of California. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Plaintiff has provided two supplemental declarations in support of its request. The first is the Supplemental Declaration of James D. Curran, who is the partner in the case. (Curran Supp. Decl., Dkt. #53.) In his supplemental declaration, Mr. Curran states that he has practiced law in this district since 1986, and has specialized in construction and surety during that time. *Id.* at ¶ 2. Mr. Curran states that it is a small community of attorneys who practice construction and/or surely law in the Northern District, and he makes it part of his practice to monitor the prevailing rates charged by other construction and/or surety lawyers with comparable skill, experience, and reputation. *Id.* Mr. Curran declares that the services rendered in this case by his firm were as surety attorneys, and that the rates charged by his firm in this case are equal to or less than the prevailing market rates charged by other lawyers with comparable skill, experience, and reputation in the Northern District. *Id.* at ¶¶ 3-4.

Plaintiff also provided the Supplemental Declaration of Victor Nava, a Senior Claims Examiner II with Plaintiff. (Nava Supp. Decl., Dkt. #54.) In his supplemental declaration, Mr. Nava states that he has been in the surety business for over 30 years, and has retained and managed outside construction and/or surety attorneys in the Northern District since the 1980s. *Id.* at ¶ 1. Mr. Nava further states that when he retain attorneys, he receives and reviews their invoices for fees and costs, and is therefore very familiar with the prevailing market rates for surety attorneys in the Northern District. Mr. Nava declares that the surety rates charged by Mr. Curran and his firm in this case are equal to or less than the prevailing market rates charged by other surety lawyers with comparable skill, experience, and reputation in the Northern District. *Id.* at ¶¶ 1-3.

Upon review of Plaintiff's submissions, the undersigned finds that Plaintiff has satisfied its

6

1 burden of producing evidence that the requested rates are in line with those prevailing in the
2 community for similar services of lawyers of reasonably comparable skill and reputation. *United*
3 *Steelworkers*, 896 F.2d at 407; *Jordan*, 815 F.2d at 1263. Accordingly, the undersigned must
4 determine whether the number of hours claimed is reasonable.

2. <u>Reasonable Hours</u>

Reasonably competent counsel bill a reasonable number of hours; they do not bill hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In his second supplemental declaration, Mr. Curran provides his firm's invoices for all matters billed in this case. The detailed invoices can be summarized as follows:

**February 2010**

| James Curran (partner) | 6.4 hours @ $260/hr = $1,664.00 |
|---|---|
| Jennifer Elowsky (associate) | .2 hours @ $220/hr = $44.00 |
| Steve Wong (paralegal) | 2.4 hours @ $120/hr = $288.00 |
| Costs | $485.66 |
| **Total** | **$2,481.66** |

**March 2010**

| James Curran | 5 hours @ $260/hr = $1,300.00 |
|---|---|
| Jennifer Elowsky | N/A |
| Steve Wong | 1.4 hours @ $120/hr = $168.00 |
| Costs | $557.33 |
| **Total** | **$2,025.33** |

**April 2010**

| James Curran | 9.5 hours @ $260/hr = $2,470.00 |
|---|---|
| Jennifer Elowsky | 9.2 hours @ $220/hr = $2,024.00 |
| Steve Wong | 4.3 hours @ $120/hr = $516.00 |
| Costs | $106.36 |
| **Total** | **$5,116.36** |

**May 2010**

| James Curran | 2.8 hours @ $260/hr = $728.00 |
|---|---|
| Jennifer Elowsky | N/A |
| Steve Wong | 2.2 hours @ $120/hr = $264.00 |
| Costs | $363.90 |
| **Total** | **$1,355.90** |

**June 2010**

| James Curran | 5.3 hours @ $260/hr = $1,378.00 |
|---|---|
| Jennifer Elowsky | N/A |
| Steve Wong | 2.2 hours @ $120/hr = $264.00 |
| Costs | $89.46 |
| **Total** | **$1,731.46** |

**July 2010**

| James Curran | 2.6 hours @ $260/hr = $676.00 |
|---|---|
| Jennifer Elowsky | N/A |
| Steve Wong | 8.3 hours @ $120/hr = $996.00 |
| Costs | $31.68 |
| **Total** | **$1,703.68** |

(Second Suppl. Curran Decl. Exs. 1-6.)

The invoices provide detailed explanations of the fees listed above, as well as a breakdown of the costs billed each month. Among the tasks that Plaintiff's attorneys billed for are drafting and filing the complaint, service of complaint, resolving the underlying claims and recoveries which were included in the complaint, entering defaults against Defendants when they failed to respond, preparing and filing the present motion for default judgment, and seeking the issuance of an Abstract of Judgment. *Id.* at ¶ 15; Exs. 1-6. The undersigned finds that the invoices provide sufficient detail to enable the Court to determine that the number of hours claimed is reasonable. Further, the undersigned finds no reason the lodestar rate should be adjusted up or down to account for factors

such as the novelty and complexity of issues presented, special skill and experience of counsel, quality of representation, the results obtained, and the awards allowed in similar cases. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). Accordingly, the undersigned RECOMMENDS that the Court award Plaintiff's fees and costs in the requested amount of $14,414.39.

### IV.  CONCLUSION

Based on the analysis above, the undersigned RECOMMENDS that the Court GRANT Plaintiff's motion for default judgment and AWARD attorney's fees and costs in the amount of $14,414.39.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file objections to this Report and Recommendation 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: October 7, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge